

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-5521
Re: What lists in the tax assessor's
office should properly be classi-
fied as "tax lists", within the
meaning of the jury wheel law?
And other related questions.

This office has your request for opinion, which
is as follows:

"Will you kindly favor us with your opinion on
the following:

"Art. 2094, R. C. S., relating to the filling of
the jury wheel in counties with more than 58,000 popula-
tion, containing a city of over 20,000 population, uses
the following language: 'and select from the list of
qualified jurors of such county as shown by the tax lists
in the Tax Assessor's office for the current year.'

"1. What lists in the Tax Assessor's office should
properly be classified as 'tax lists'?

"2. Would the poll-tax list be regarded as 'tax
lists' within the purview of said statute?

"3. Would the carbon copies of receipts issued for
automobile licenses be regarded as tax lists?"

NO COU......

Hon. I. Predecki, page 2

- Article 2133 et seq., V. A. C. S. of Texas, sets forth the qualifications of jurors generally throughout the State of Texas. The statutes just mentioned are general laws, and at the time of the enactment of the original jury wheel act of 1907 were in effect and had so been for many years.

The original jury wheel act of 1907 did not operate to change the then-existing statutes so far as same applied to the class of counties to which the jury wheel act related; nor was the effect of it to make unavailable for jury service in those counties coming under the jury wheel act, any man having qualifications prescribed in said statutes first above mentioned.

Prior to the enactment of said jury wheel law all jurors in the State were commonly selected by jury commissioners, and this selection involved in it the element of discretion. The effect of the jury wheel law was to remove, in the counties affected b; said law, the element of discretion involved in the selection of jurors by jury commissioners, and to substitute for this element of discrition the securing of jury panels by mechanical means.

Article 2094 of Vernon's Revised Civil Statutes provides:

"Between the first and fifteenth days of August of each year, in each county having a population of at least fifty-eight thousand or having therein a city containing a population of at least twenty thousand, as shown by the preceding Federal Census, the Tax Collector or one of his deputies, together with the Tax Assessor or one of his deputies, together with the Sheriff or one of his deputies, and the County Clerk or one of his deputies, and the District Clerk or one of his deputies, shall meet at the court house of their county and select from the list of qualified jurors of such county as shown by the tax lists in the Tax Assessor's office for the current year, the jurors for service in the District and County Courts of such county for the ensuing year in the manner hereinafter provided." (Emphasis ours)

Hon. I. Predecki, page 3

Article 2095 of V. A. C. S. of Texas is as follows:

"Said officers shall write the names of all men who are known to be qualified jurors under the law, residing in their respective counties, on separate cards of uniform size and color, writing also on said cards, whenever possible, the post office address of each juror so selected, except that in counties of one hundred fifty thousand population, or over, as shown by the preceding Federal census, the commissioner's court shall provide a sum necessary, not exceeding three hundred ($300.00) dollars in any one year, for the payment of such typist and other expenses as may be necessary, who shall, under the direction and supervision of the district clerk, type the names and addresses of said qualified voters upon the cards as herein described. The cards containing said names shall be deposited in a circular hollow wheel, to be provided for such purpose by the Commissioner's Court of the county. Said wheel shall be made of iron or steel and shall be so constructed as to freely revolve on its axle; . . ." (Emphasis ours)

The jury wheel law, as first enacted, did not contain the reference to the "list of qualified jurors of such county as shown by the tax lists in the Tax Assessor's office", which now appears in said Article 2094. The officers designated in the act were left to ascertain the names of the qualified jurors in their county through their own personal knowledge of said persons. The names placed in the jury wheel were limited by the extent of information as to who were qualified jurors in the county, possessed by the officers named.

In 1911 the Legislature amended this jury wheel law by changing the time of filling the jury wheel and by inserting a clause requiring said officers to look to "the tax lists in the Tax Assessor's office" in making selections of the names to be placed in the jury wheel. The amendment left in full effect that part of the act requiring said officers "to place in the jury wheel the names of all men residing in the county who are known to them to be qualified jurors under the law."

Hon. I. Predecki, page 4


Article 2133, et seq., of the Revised Statutes of 1925, fixing the qualifications of jurors generally throughout the State, and the two articles of the jury wheel law just quoted, all being general laws, must be so construed together as to give a reasonable effect to all of them if such construction be possible.

Construing these laws in accordance with the above referred to rule of construction, we do not believe that it was the intent, purpose or effect of the jury wheel law to render unavailable for jury service in those counties which came under such law, any man in such counties who had the qualifications of a juror prescribed in said Article 2133, et seq. In construing that portion of Article 2094 (as amended) which provides that the names used for filling the jury wheel are obtained "from the tax lists in the Tax Assessor's office for the current year," together with that provision in Article 2095 (as amended), which provides that the designated officers "shall write the names of all men who are known to be qualified jurors under the law," on cards which shall be placed in the wheel," we are inevitably led to the conclusion that it was the purpose and intent of the Legislature in enacting the jury wheel law to (a) preserve the availability as jurors of all men in the county qualified for jury service under the general law; (b) to abolish, in counties coming under the provisions of the jury wheel law, the element of discretion involved in the selection, by jury commissioners, of the individual jurors to make up jury panels, and to utilize instead the selection of jury panels by mechanical means; and (c) to sanction by law the use of the tax lists in the tax assessor's office for the current year as an aid to the designated officers in their performance of their duty to see that the names of all those known to be qualified jurors under the law find their way into the jury wheel. We think the law contemplates that the designated officers should be diligent in their efforts to collect and place in the jury wheel the names of all men in the county having the qualifications of jurors as prescribed by the statutes of Texas. And always the controlling object to be effected is the placing in the jury wheel of all the qualified jurors in the county.

Hon. I. Predecki, page 5

The designated officers have no power to discrimi-
nate against any qualified juror known to them whose names
appear on the tax lists (See Briscoe v. State, 106 Crim. Rep.
402; Knott v. State, 100 Crim. Rep. 468; Atwood v. State,
96 Crim. Rep. 249; Vasquez v. State, 76 Crim. Rep. 37; Knight
v. State, 66 Crim. Rep. 335)

The designated officers do not have the power to
leave out of the jury wheel the names of qualified jurors
who are entitled to exemption from jury service, as such
exemption is not a disqualification for jury service but
is a privilege which may or may not be claimed by the
person affected thereby at his option. (See Randolph v.
State, 117 Crim. Rep. 80; and Atwood v. State, supra)

In the case of McNeal v. State, 101 Crim. Rep.
114, our Court of Criminal Appeals said:

"If we comprehend the language of Article 5151,
supra, in its reference to the filling of the jury
wheel 'from the list of qualified jurors of such county
as shown by the tax lists in the Tax Assessor's office
for the current year,' this means that a complete list
of such persons must be had and used." (Emphasis ours)

From what we have said above, you will understand
that our answer to your question No. 1 is that the list in
the Tax Assessor's office, which should properly be classified
as a tax list within the meaning of the jury wheel law, is
the rendition list; but this list is to be used in aid of the
designated officers in a diligent effort on their part to
see that the names of all qualified jurors in the county
find their way into the jury wheel. In furtherance of this
effort, it is permissible for said officers to refer to and
check the poll tax list for the current year against the
rendition list; but it would be error for the officers to
use said poll tax list as the exclusive source from which
the names to be placed in the jury wheel would be obtained.

In the case of Briscoe v. State, supra, which
was a death penalty case, and in which a motion for rehearing
was overruled, our Court of Criminal Appeals said:

Hon. I. Predecki, page 6

"It (the jury wheel) was refilled . . . on the
14th day of January, 1926, the officers using the
rendition list for 1926 from the tax-assessor's office,
and also the unrendered list for 1925. In addition to
the names secured from these two lists, said officers
placed in the wheel the names of all other persons
known to them to be qualified jurors. They did not
use the poll tax lists for the year 1924. . . It is
further shown that the rendition lists used in re-
filling the wheel had been approved by the commissioners
court on the 9th day of July, 1925, . . . The complaint
that names in addition to those on the tax lists were
placed in the wheel seems without merit. Article 2095,
R.C.3. (1925) expressly directs the officers filling
the wheel to place therein 'the names of all men who
are known to be qualified jurors.'"

In the case of Knott v. State, supra, in an opinion
having to do with proper procedure under the jury wheel law,
the court said:

"They (the officers designated by statute) used
the tax roll of the tax assessor's office for the year
1922. . . They supplemented the tax rolls from the tax
assessor's office with the poll tax rolls for the same
year, checking from one to the other in an effort to
leave the name of no one out of the wheels who might be
known to be a qualified juror. Some names not upon the
tax rolls from the tax assessor's office were also placed
in the jury wheel if it was known to the officers that
they were qualified jurors. . . We conclude it shows
a substantial compliance with Articles 5151, 5152 and 5153,
R. C. 3."

In the above case motion for rehearing was overruled
by the court.

In answer to your second question, we advise that the
poll tax list is not to be regarded as "tax list" within the
meaning of the jury wheel law, but we further say that reference
to the poll tax list may be had by the designated officers as
an aid to them in the performance of their duty to see that the
names of all the qualified jurors in the county find their way
into the wheel, In this connection we call your attention to

Hon. I. Predeoki, page 7

the decision to the case of Atwood v. State, 96 Crim. Rep. 249, wherein our Court of Criminal Appeals in reversing a criminal conviction had this to say:

"There is no dispute of the fact that the wheel was filled from the poll tax list only. . . We think the action of the authorities erroneous and of such materiality as to require a reversal of this judgment."

The main reason which militates against the use of the poll tax list for the purposes of the jury wheel law, is that the poll tax list from the very nature of it could not and would not contain a complete list of all those men in the county qualified for jury service. We have found no decision in direct point with the question, but the same reasoning of the courts which constrained them to hold it error to use the poll tax list would obtain with equal or greater force to the carbon copies of receipts for automobile licenses. You are therefore advised that carbon copies of receipts issued for automobile licenses do not come within the meaning of "tax lists" as that term is used in the jury wheel law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *E. O. Blackburn*
George P. Blackburn
Assistant

APPROVED AUG 20, 1943

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

GIB:AMM


APPROVED
OPINION
COMMITTEE
BY *RWF*
CHAIRMAN